D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
JOSEPH LEGRANO,

     Petitioner,

-against-

UNITED STATES OF AMERICA,

     Respondent.
---------------------------------------------------------------- X

09-CV-5505(ARR)(LB)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

  Petitioner Joseph Legrano, proceeding pro se, moves this court to issue a Writ of Audita Querela pursuant to 28 U.S.C. § 1651. On November 1, 1996, after being found guilty following a jury trial, petitioner was sentenced to 300 months imprisonment for murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), conspiracy to murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), and carrying a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c). Specifically, petitioner was sentenced to a 240-month term of imprisonment on the murder count, a concurrent 120-month term of imprisonment on the conspiracy to murder count, and a consecutive 60-month term of imprisonment for the offense of carrying a firearm in connection with a crime of violence. Petitioner now argues that the consecutive sentence of 60 months should be vacated in light of United States v. Whitley, 529 F.3d 150 (2d Cir. 2008) and United States v. Williams, 558 F.3d 166 (2d Cir. 2009). For the reasons that follow, petitioner's motion is denied.[1]

---

[1] Pending before the court is petitioner's fourth motion for extension of time to file a reply to the government's response in opposition to his petition. Petitioner's reply was initially

1

The writ of audita querela is not available to the petitioner in this case. The Second Circuit has explained that a "writ of audita querela might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (citing Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997)). That is, "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie." Id. Where there is no colorable claim of a constitutional violation, the absence of other avenues of collateral attack does not give rise to serious constitutional questions. Id.

Petitioner contends here that his consecutive sentence of 60 months imprisonment under 18 U.S.C. § 924(c) must be vacated in light of Whitley and Williams. Defendants convicted of violating § 924(c) are generally subject to mandatory, consecutive terms of imprisonment. In Whitley, however, the Second Circuit held that the statute's prefatory language excepting defendants otherwise subject to greater minimum sentences ("[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by another provision of law") did not require a district court to sentence a defendant to a ten-year consecutive term of imprisonment where the defendant was also subject to a mandatory minimum fifteen-year term of imprisonment under § 924(e). 529 F.3d at 151. In United States v. Williams, 558 F.3d 166, 170 (2d Cir. 2009), decided on March 5, 2009, the Second Circuit construed Whitley to compel a

---

due on March 19, 2010, and it has been extended three times to April 30, 2010, June 30, 2010, and August 30, 2010. Additional time to reply will not save petitioner's motion. Although the court is sympathetic to petitioner's health problems, there is no basis whatsoever for the present petition and it must therefore be dismissed. Consequently, petitioner's fourth motion for extension of time to reply is denied as moot.

2

finding of plain error where the court imposed a mandatory consecutive five-year sentence pursuant to § 924(c) in circumstances where the defendant's underlying drug crime carried a higher ten-year mandatory minimum sentence. See United States v. Parker, 577 F.3d 143, 146 (2d Cir. 2009) (citing Williams, 558 F.3d at 170)). The Williams court held that "the mandatory minimum sentence under section 924(c)(1)(A) is also inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense." 558 F.3d at 168.

The Second Circuit has not yet addressed the retroactivity of the Whitley and Williams holdings to cases on collateral review. See United States v. Darco, No. 09-1874-pr, 2010 WL 1932317, at *2 (2d Cir. May 14, 2010) ("[W]e express no views as to whether, on [a § 2255] motion, the rule of Whitley and Williams would be available on collateral attack."). However, the court need not analyze that issue here because the Whitley and Williams decisions are not applicable to petitioner's case. Petitioner's § 924(c) conviction was based on an earlier version of the statute that did not contain the prefatory "except" language underlying the rule in Whitley. Prior to Congressional amendment in 1998, the statute did not contain the phrase "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law."[2] Petitioner was found guilty by jury verdict on August 14, 1995 – for crimes

---

[2] The version of § 924(c) in effect prior to the 1998 amendment provided, in pertinent part:
> Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years . . .

18 U.S.C. § 924(c) (1988).

associated with the racketeering murder of Vincent James Angellino on November 15, 1988 – under the earlier version of the statute. Petitioner's reliance on Whitley and Williams is therefore misplaced. See Persico v. United States, No. 09-cv-3329, 2009 WL 4709533, at *1-2 (E.D.N.Y. Dec. 9, 2009).

Even under the present language of § 924(c), petitioner's claim for relief would fail. In November 1988, at the time petitioner committed the predicate offenses underlying his § 924(c) conviction, murder in aid of racketeering and conspiracy to murder in aid of racketeering, did not carry mandatory minimum sentences. In 1988, the penalty for the offense of murder in aid of racketeering was "imprisonment for any term of years or for life" and the penalty for the offense of conspiracy to commit murder in aid of racketeering was "imprisonment for not more than ten years." See 18 U.S.C. §1959(a)(1), (5) (1988). Therefore, Whitley and Williams have no bearing on this case. See Parker, 577 F.3d at 146 ("The Whitley/Williams rule has no bearing on this case because the predicate drug crime underlying [the defendant's] conviction does not dictate a mandatory minimum sentence.").

For the reasons described above, petitioner's motion is denied and his case is dismissed. The Clerk of the Court is directed to enter judgment and close this case.

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: August 25, 2010
Brooklyn, New York

4

SERVICE LIST:

*Pro Se Petitioner*
Joseph Legrano
No. 13548-053
Unit P-3
Federal Medical Center, Devens
P.O. Box 879
Ayer, MA 01432

*For Respondent United States*
David Carey Woll, Esq.
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

cc: Magistrate Judge Lois Bloom